# CHARLESTON.

STATE *ex rel.* W. S. TODD *et als. v.* WM. J. STEEN, *Mayor*

(No. 6387)

Submitted October 30, 1928.   Decided November 13, 1928.

*J. M. Ritz,* for relators.
*Carl O. Schmidt,* for respondent.

LITZ, JUDGE:

The relators, W. S. Todd, S. K. Frank and Walton B. Hilton, citizens and tax-payers of the city of Wheeling, seek a peremptory writ of mandamus, compelling the respondent, William J. Steen, as mayor of the said city, to call a special election therein for the purpose of voting upon a bond issue of $1,600,000, for the construction of a bridge within the city across the east channel of the Ohio River, proposed in two ordinances enacted by the city council April 3rd and May 8, 1928, as follows:

> "AN ORDINANCE providing for the building of a bridge over the east channel of the Ohio River connecting Wheeling Island with the other portions of the City of Wheeling, and providing for the issue and sale of bonds in the sum of One Million Six Hundred Thousand Dollars ($1,600,000.) with which to build said bridge.
>
> Be it ordained by the Council of the City of Wheeling:
>
> SECTION 1. That the City of Wheeling does hereby deem it expedient to build a bridge over the east channel of the Ohio River connecting Wheeling Island with the other portions of the City of Wheeling, said bridge to be upon location and in accordance with the plans, specifications and report made by John M. Rice, or similar thereto, or upon a location to be hereinafter determined by the Council of the City of Wheeling, as set out and shown in the report on the proposed Ohio River bridge at Ninth Street, Wheeling, West Virginia, made 1927 by John M. Rice, Consulting Engineer, Pittsburgh, Pennsylvania, said report being signed by John M. Rice, Consulting Engineer, and filed with Honorable Howard C. Lane, City Clerk of the City of Wheeling. But nothing herein contained shall be construed as an employment of the said John M. Rice for further engineering work in connection with the construction of said bridge.
>
> SECTION 2. That the Council of the City of Wheeling deems it expedient to issue the bonds of the City of Wheeling for the purpose of defraying the cost of building said bridge and acquiring the necessary land upon which to construct same and

the approaches thereto. The Council of the City of Wheeling does hereby order its said bonds to be issued in the total amount of One Million Six Hundred Thousand Dollars ($1,600,000.), bearing five per cent interest per annum, for the purpose of building the bridge described in Section 1 of this ordinance and acquiring the necessary land upon which to construct said bridge and the approaches thereto. The said Council of the City of Wheeling for the purpose of paying the principal and interest of said bonds hereby imposes a direct annual tax of eight cents on each one hundred dollars valuation upon all the taxable property within the City of Wheeling, same to be collected as other direct taxes, said tax being sufficient to pay the annual interest and the principal of said bonds within and not exceeding thirty-four years. The said bonds are to be issued in accordance with and conformity to the pertinent provisions of the charter of the City of Wheeling.

SECTION 3. This ordinance shall take effect from and after the date of its passage.''

''AN ORDINANCE to amend and re-enact Section 1 of an ordinance of the City of Wheeling passed April 3, 1928, providing for the building of a bridge over the east channel of the Ohio river connecting Wheeling Island with the other portions of the City of Wheeling, and providing for the issue and sale of bonds in the sum of One Million Six Hundred Thousand Dollars ($1,600,000.) with which to build said bridge.

Be it ordained by the Council of the City of Wheeling:

That Section 1 of an ordinance passed April 3, 1928, providing for the building of a bridge over the east channel of the Ohio river connecting Wheeling Island with the other portions of the City of Wheeling, and providing for the issue and sale of bonds in the sum of One Million Six Hundred Thousand Dollars ($1,600,000.) with which to build said bridge, be and the same is hereby amended and re-enacted to read as follows:

SECTION 1. That the City of Wheeling does hereby deem it expedient to build a bridge over the east channel of the Ohio river connecting Wheeling Island with the other portions of the

City of Wheeling, said bridge to be upon the location and in accordance with the plans, specifications and report made by John M. Rice, or plans and specifications similar thereto, as set out and shown in the report on the proposed Ohio river bridge at Ninth Street, Wheeling, West Virginia, made 1927 by John M. Rice, Consulting Engineer, Pittsburgh, Pennsylvania, said report being signed by John M. Rice, Consulting Engineer, and filed with Honorable Howard C. Lane, City Clerk of the City of Wheeling. But nothing herein contained shall be construed as an employment of the said John M. Rice for further engineering work in connection with the construction of said bridge.

All ordinances or parts of ordinances in conflict with the provisions of this ordinance are hereby repealed.

SECTION 2. This ordinance shall take effect from and after the date of its passage.''

The respondent has demurred to, and moved to quash, the alternative writ of mandamus on the grounds (1) that the city of Wheeling is without authority to issue and sell its bonds for the purpose of constructing a bridge across the east channel of the Ohio River, and (2) that the ordinances are invalid for failing to comply with the requirements of Chapter 14, Acts 1923.

Section 31 of the city charter provides: ''The council may by ordinance purchase both toll bridges now existing (but not one thereof only), or build a bridge, over the east channel of the Ohio River, connecting Wheeling Island with the other portions of the city; but no debt shall be created in the making of such purchase, except upon full compliance with the provisions of sections 83 and 84 of this charter, and of the constitution of this state.'' Section 83 of the charter follows: ''No debt shall be incurred by said city even with the consent of the voters, to an amount, including existing indebtedness, in the aggregate exceeding the amount fixed by law of the state of West Virginia.'' Section 84, in part, reads: ''Said city of Wheeling is hereby authorized to issue and sell its bonds. Provided, that the said city shall not by such issue and sale of bonds cause the aggregate of its debts

of every kind whatsoever to exceed five per centum of the valuation of the taxable property therein, which value shall be ascertained by the last assessment for state and county taxes previous to the issue of said bonds.'' Section 1 of Chapter 14, Acts 1923, confers upon any municipal corporation, by and through its council or other governing body in lieu thereof, authority to issue and sell its bonds, in the manner, and subject to the limitations and conditions contained in the Act. Section 2 of the Act provides that a debt may be incurred and bonds issued for the purpose of ''acquiring, constructing and erecting, enlarging, extending, reconstructing or improving any building, work, utility or undertaking, or for furnishing, equipping and acquiring or procuring the necessary apparatus for any building, work, improvement or department, and for other similar corporate purpose, for which'' the municipality is authorized to levy taxes or expend public money. Section 3 of the Act limits the issuance of bonds to an amount, including all other indebtedness, not exceeding two and one-half per centum of the value of the taxable property in the city as shown by the last assessment thereof for state and county purposes. Provided, however, that any municipal corporation of one thousand inhabitants or more, for the purpose of grading, paving, sewering or otherwise improving its streets and alleys, may become indebted and issue bonds in an additional sum not exceeding two and one-half per centum of the value of the taxable property therein ascertained as aforesaid.

In the process of issuing municipal bonds, section 4 of the Act requires the council to enter of record an order directing an election to be held for the purpose of submitting to the voters of the municipality all questions connected with the contracting of debt and the issuing of bonds, and stating:

''(a) The necessity for issuing the bonds, or, if a petition has been filed as provided herein, that such petition has been filed;

(b) If for the construction of a county-district road or bridge thereon, summary of engineer's report provided for in section five setting forth the approximate extent and the estimated cost of

the proposed improvement, and the kind of class of work to be done thereon;

(c) Purpose or purposes for which proceeds of bonds are to be expended;

(d) Valuation of the taxable property as shown by the last assessment thereof for state and county purposes;

(e) Indebtedness, bonded or otherwise;

(f) Amount of the proposed bond issue;

(g) Maximum term of bonds and series;

(h) Maximum rate of interest;

(i) Date of election;

(j) If a special election, names of commissioners for holding same;

(k) If registration of voters is necessary, notice of the time, place and manner of making same.

(l) That the levying body is authorized to lay a sufficient levy annually to provide funds for the payment of the interest upon the bonds and the principal at maturity, and the approximate rate of levy necessary for this purpose."

Section 26 of the Act repeals specifically many previous acts and generally all legislation inconsistent with its provisions, with the proviso, however, "that when by a special Act of the Legislature any municipality * * * is authorized to become indebted for any purpose or purposes in a greater amount than is fixed by section 3 of this Act, bonds may be issued hereunder by such municipality * * * in an amount not exceeding that fixed by such special Act."

It is argued on behalf of the respondent that the language of section 31 of the charter providing that "no debt shall be created in the making of such purchase, except upon full compliance with the provisions of sections 83 and 84" of the charter, in the absence of any provision for raising funds for the construction of a new bridge, by implication, destroys the express power already conferred to construct such bridge. We do not agree with this reasoning. Evidently the Legislature intended to provide that whether the city purchased the two existing bridges or constructed a new one, the funds required in either case must be raised by a bond issue. The power to make such improvement having been conferred upon

the city by the charter and general law, the right to raise funds within legal limits for that purpose necessarily follows.

We are, therefore, of opinion that the city of Wheeling is authorized to issue and sell bonds, in accordance with the provisions of Chapter 14, Acts 1923, to defray the cost of constructing such bridge. But as neither of the ordinances in question complies with the requirement of the statute, the peremptory writ will be denied.

*Peremptory writ denied.*